Plaintiff-appellant/cross-appellee State of Ohio, (hereinafter "State") appeals the November 12, 1997 Judgment Entry of the Licking County Court of Common Pleas which found Frank Ridenbaugh, appellee/cross-appellant (hereinafter "Ridenbaugh") to be a sexual predator but further found the notification provisions contained in R.C. Chapter 2950 to be unconstitutional.
 STATEMENT OF THE CASE AND FACTS
In 1986, Ridenbaugh was convicted of one count of gross sexual imposition and one count of rape in two separate trials. Appellant was sentenced on each conviction and incarcerated. Ridenbaugh has not appealed either conviction on the merits.
After the enactment of Ohio versions of Megan's Law in R.C. Chapter 2950, the Warden of the Hocking Correctional Institution, the institution in which Ridenbaugh was confined, recommended appellant be adjudicated a sexual predator. The trial court scheduled an H.B. 180 hearing for November 3, 1997. Prior to the hearing, Ridenbaugh filed a motion to dismiss the recommendation of the Ohio Department of Rehabilitation and Corrections. The trial court ordered oral arguments on the motion immediately before the H.B. 180 hearing.
The motion to dismiss was based on various constitutional arguments including retroactivity; ex post facto; double jeopardy; due process; equal protection; a right to be free from self-incrimination; and a right to privacy, travel and freedom of association. The State responded to the motion to dismiss and filed a supplemental memorandum. On November 3, 1997, the date of the hearing, trial court granted Ridenbaugh's request for additional time to file a reply brief, but proceeded with the H.B. 180 hearing as scheduled.
The State presented testimony from Heather Mills and Donald Mills, the victims from the underlying convictions. The State also presented the testimony of Sherri Weiner, an investigator for Licking County Children's Services. Ridenbaugh presented testimony from Kelly Miller, a probation officer for the Licking County Adult Court Services Department.
Heather Mills was the victim in the gross sexual imposition trial. She testified she was approximately five years old when the sexual contact began. She reported no violent physical coercion, but she testified Ridenbaugh, her step-father, threatened to hurt or kill her or her family if she told anyone about his behavior. Ms. Mills testified the abuse was an ongoing process" and occurred over a period of time.
Donald Mills was the victim in the rape trial. He testified Ridenbaugh was married to his mother and first raped him when he was eight years old. Ridenbaugh threatened Mr. Mills and his family with violence if Mr. Mills should disclose the sexual activity. Mr. Mills testified there were more sexual acts than he could count, and the activity continued over a period of two years.
Sherri Weiner testified she did not interview either of the victims, but based on the information presented to her from the files, she considered Ridenbaugh to be a sexual predator and believed he would commit sexual oriented offenses in the future. She stated she based her opinion on the number of times Ridenbaugh committed the acts with the victims, the fact there were multiple victims, the severity of the crimes committed, the fact threats were used, the ages of the victims, and the trauma caused.
Ridenbaugh presented the testimony of Kelly Miller. Mr. Miller opined, based on his criteria, Ridenbaugh was not a sexual predator. On cross examination, Mr. Miller conceded he was not using the statutory criteria to make this determination. Further, Mr. Miller was not willing to opine whether Ridenbaugh would, in the future, be likely to re-offend.
After hearing the evidence, the trial court took the matter under advisement. On November 12, 1997, the trial court issued a Judgment Entry and a Decision. In the Judgment Entry, the trial court found Ridenbaugh to be a sexual predator and ordered him to register in compliance with the statute, but further found the community notification portion of the sexual predator statute to be unconstitutional. The Decision fully set forth the reasoning for the ruling in the Judgment Entry, finding the notification provisions of R.C. 2950 unconstitutional when applied retroactively to Ridenbaugh. The Decision did not address any of the other constitutional arguments presented in the motion to dismiss.
On December 9, 1997 the State timely filed its notice of appeal from the November 12, 1997 Judgment Entry and Decision assigning one error:
 THE TRIAL COURT ERRED IN RULING THAT REVISED CODE SECTION 2950.09 WAS UNCONSTITUTIONAL AS BEING A RETROACTIVE LAW IN VIOLATION OF THE OHIO CONSTITUTION.
Because there were two cases underlying the sexual predator determination hearing, the Clerk of the Appeals Court assigned this appeal two case numbers: 97CA149 and 97CA150.
On December 12, 1997, Ridenbaugh also filed a notice of appeal from the November 12, 1997 Judgment Entry and Decision assigning the following errors:
 I. THE TRIAL COURT ERRED IN RULING THAT REVISED CODE SECTION 2950.09 WAS UNCONSTITUTIONAL AS BEING A RETROACTIVE LAW IN VIOLATION OF THE OHIO CONSTITUTION.
 II. THE TRIAL COURT DEPRIVED MR. RIDENBAUGH OF NUMEROUS FEDERAL AND STATE CONSTITUTIONAL RIGHTS WHEN IT DETERMINED THAT HE WAS A SEXUAL PREDATOR.
 III. THE TRIAL COURT ERRED IN FINDING MR. RIDENBAUGH TO BE A SEXUAL PREDATOR BECAUSE THERE WAS NOT CLEAR AND CONVINCING EVIDENCE OF A SUCH A CREDIBLE NATURE TO SHOW THAT HE WAS LIKELY TO REOFFEND. FURTHER, MR. RIDENBAUGH WAS DEPRIVED OF HIS STATUTORY AND STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO CONFRONTATION, AS WELL AS HIS RIGHT TO DISCOVERY UNDER THE CRIMINAL RULES, WHERE THE STATE PRESENTED THE TESTIMONY OF WITNESSES WHO HAD PREVIOUSLY TESTIFIED CONCERNING THE CASE, BUT DID NOT FURNISH THEIR PRIOR TESTIMONY SO THAT MR. RIDENBAUGH MIGHT BE ABLE TO IMPEACH THEM BY PRIOR INCONSISTENT STATEMENTS.
Again, because there were two underlying criminal case numbers, the Clerk of the Appeals Court assigned two numbers for Ridenbaugh's appeal: 97CA153 and 97CA154.
On January 26, 1998, this Court granted Ridenbaugh's motion to consolidate the four appeals. The State was designated appellant/cross-appellee and Ridenbaugh was designated appellee/cross-appellant.
 APPEAL AND CROSS APPEAL I
In its sole assignment of error the State argues the trial court erred in ruling the community notification provisions of Section 2950.09 are unconstitutional when applied retroactively to Ridenbaugh. In support of its argument, the State citesState v. Cook (1998), 83 Ohio St.3d 404.
Ridenbaugh maintains the trial court was correct in deciding the notification provisions of the statute unconstitutional. However, Ridenbaugh argues the trial court erred in not finding entire statutory scheme of R.C. Chapter 2950 unconstitutional. In support of this contention, Ridenbaugh cites the unreported appellate decision of State v. Cook, which was subsequently overturned by the Ohio Supreme Court. State v. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported, reversed by State v.Cook (1998), 83 Ohio St.3d 404, petition for certiorari filedsub nomine Cook v. Ohio (Dec. 24, 1998), U.S.S.Ct. Docket No. __________.
The State's sole assignment of error is sustained on the authority of State v. Leach (March 15, 1999), Licking Appeal No. 1997CA148, unreported, and Ridenbaugh's first cross-assignment of error is overruled on the authority ofState v. Nosic (Feb. 1, 1999), Stark App. No. 1997CA00248, unreported; State v. Cook, supra, at par. 1 of syllabus.
 CROSS APPEAL II
Ridenbaugh's second cross-assignment of error makes several constitutional arguments. We will address them in order.
 II. A
In the first subsection to the second cross assignment of error, Ridenbaugh argues Chapter R.C. 2950 is unconstitutional because it violates the ex post facto clause of the United States Constitution, and because it imposes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution and Section 9, Article 1, of the Ohio Constitution.
The ex post facto prong of appellant's argument is overruled on the authority of State v. Nosic, supra, citing Cook, supra,
at par. 2 of syllabus.
Ridenbaugh's argument regarding cruel and unusual punishment is also overruled. Both Cook, supra, and Nosic, supra, found the registration and notification provisions of R.C. 2950 to be non-punitive and reasonably necessary for the intended purpose of protecting the public. Cook, supra, at 423; Nosic, supra, at 3. Because the statute is not punitive, the protections against cruel and unusual punishment are not implicated. For this reason, this portion of the second cross-assignment of error is overruled.
 II. B
In section B of the second cross-assignment of error, Ridenbaugh argues R.C. Chapter 2950 is unconstitutional as a violation of double jeopardy. This portion of the second assignment of error is overruled on the authority of Nosic,supra at 2-3; and State v. Bair (Feb. 1, 1999), Stark App. No. 1997CA0232, unreported.
 II. C
Ridenbaugh claims in Subsection C of the second cross-assignment of error R.C. 2950 is unconstitutional because it failed to afford him due process of law. Subsection C has also been subdivided into separate due process arguments, including contentions the statute is unconstitutionally vague; the burden is impermissibly lower than other criminal cases; the statute violates his right to notice; the statute violates his right to a jury trial; the statute impermissibly shifts the burden; and the statute impermissibly classifies some offenders as sexual predators when their previous underlying offenses were not of the sexual nature.
 II. C. 1.
Ridenbaugh's contention R.C. Chapter 2950 is unconstitutionally vague is overruled on the authority ofNosic, supra at 3; Cook, supra.
 II. C. 2 3
In the second and third subsections, Ridenbaugh argues R.C.2950.09 impermissibly lowers the burden of proof from beyond reasonable doubt, the standard applied in all other criminal proceedings, to clear and convincing evidence; and the mere administrative recommendation, as opposed to an indictment, denies his constitutional rights to notice and due process.
Each of these contentions presupposes R.C. Chapter 2950 is criminal in nature. As noted, supra, the Ohio Supreme Court has specifically found Chapter 2950 remedial and not punitive.Cook, supra. Accordingly, the constitutional protections afforded a criminal defendant are not implicated. For this reason, this portion of the second cross-assignment of error is overruled.
 II. C. 4
In the fourth subsection, Ridenbaugh argues R.C. 2950.09
violates his right to a jury trial under the Ohio and United States Constitutions. Article 1, Section V of the Ohio Constitution holds the right of trial by jury inviolate. However, the right to a jury does not apply to statutory actions unknown at common law unless the statute provides the right to a jury trial. McIntyre v. Northern Ohio Properties
(1979), 64 Ohio App.2d 179. The Ohio Constitution preserves the right to a jury trial only in those civil actions where the right existed prior to the adoption of the Constitution. Beldenv. State ex rel. Heifner(1929), 121 Ohio St. 393.
The sexual predator classification and notification provisions are special statutory proceedings not present in common law. Further, the statute does not contain a provision for a jury trial; only a hearing before a trial judge is contemplated. Accordingly, no right to a trial by jury exists in a sexual predator classification hearing. In so holding, we note our decision is in agreement with that reached by the Ninth District Court of Appeals. State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA00630, unreported. Accordingly, subsection four is overruled.
 II. C. 5
In the fifth subsection, Ridenbaugh maintains R.C. 2950.09
impermissibly shifts the burden of proof to the offender to show he is unlikely to commit a sexually oriented offense in the future. As this Court stated in Nosic, supra:
 R.C. 2950(C)(2) explicitly delineates the standard of proof (clear and convincing evidence). Although the statute does not specifically state who bears the burden of proof, it is implicit from a reading of the entire statute the burden is upon the movant."
Pursuant to R.C. 2950.09 the burden of proof never shifts from the State. Ridenbaugh's fifth subsection is overruled on the authority of Nosic, supra.
 6
In subsection six, Ridenbaugh argues it is a denial of due process to classify offenders convicted prior to the effective date of the statute as sexual predators where the offenses were not previously considered sex offenses.
In the matter sub judice, Ridenbaugh was convicted of rape and of gross sexual imposition. Both offenses are clearly sex offenses. Accordingly, he has no standing to raise this issue. This section of the cross-appeal is overruled.
For the foregoing reasons, Section II. C. of the cross-appeal is overruled.
 II. D.
In subsection D of the second cross-assignment of error, Ridenbaugh argues the trial court's denial of his motion to dismiss based on equal protection was error. Specifically he contends R.C. 2950.09 unreasonably and arbitrarily distinguishes between two classes of persons; inmates who are convicted and released before December 31, 1996 (the day before the effective date of Ohio Sexual Predator Act), and those who were still imprisoned only one day later.
We agree with the Court of Appeals for the Second Appellate District. The Ohio Sexual Predator Act involves neither a suspect class nor a fundamental right, and the equal protection argument must fail under the rational basis test. State v.Bradley (June 19, 1998), Montgomery App. Nos. 16662, 16664, unreported at 9.
 II. E
In subsection E of his second assignment of error, appellant maintains his convictions are not final because, to date, he has been unable to appeal on the merits. Further, Ridenbaugh argues his participation in his sexual predator determination hearing violates his right against self incrimination and his right to due process. This Court does not agree.
We find a sexual predator determination is a final appealable order. Accordingly, Ridenbaugh may appeal a sexual predator determination before any appeal on the merits are perfected or heard. Subsection E is overruled.
 II. F
In subsection F of the second cross-assignment of error, Ridenbaugh argue that R.C. Chapter 2950 violates his right to privacy, travel, and freedom of association.
As mentioned in the discussion under subsection D, a determination that a person is a sexual predator does not implicate a fundamental right. We note that in so finding we are in agreement with the First, Second and Ninth Appellate Districts:
 In State v. Lance (Feb. 13, 1998), Hamilton App. Nos. C-970301, C-970282, and C-970283, unreported, the First District Court of Appeals cogently explained that with respect to equal protection and substantive due process issues, courts have held the right to privacy to be fundamental only in the context of marriage, sex, and reproduction. Courts have not found damage to reputation, which on speculation may result from R.C. 2950.09's registration and notification provisions, to be a fundamental interest triggering strict scrutiny. Id.
 State v. Jameson (April 22, 1998), Lorain App. No. 97CA006704, unreported, at 3.
Ridenbaugh's second assignment of error is overruled in its entirety.
 III
In the third assignment of error, Ridenbaugh contends the trial court erred in classifying him a sexual predator without a record of clear and convincing evidence to support such a finding. He further argues the State did not provide him with requested discovery pursuant to Crim. R. 16 and therefore, he was unable to adequately confront the State's witnesses.
In Cook, supra (1998), 83 Ohio St.3d 404, the Ohio Supreme Court determined R.C. Chapter 2950 is remedial in nature and not punitive. Id. at 417. As such, we review this assignment of error under the standard of review contained in C.E. Morris Co.v. Foley Constr. (1978), 54 Ohio St.2d 279.
We are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v.Jeffries (Feb. 10, 1982), Stark App. No. CA-5758, unreported. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Constr. (1978), 54 Ohio St.2d 279.
R.C. 2950.01(E) defines a "sexual predator" as "* * * a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C.2950.09(B)(2) sets forth the relevant factors a trial court is to consider in determining whether a person should be classified as a "sexual predator". This statute provides:
 In making a determination under division (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
In Cook, the Ohio Supreme Court explained, "[a]t the hearing, the offender and the prosecutor have the opportunity to testify, present evidence, and call and examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator." Cook, supra at 423. The trial court should follow this procedure in making a sexual predator determination.
In the matter sub judice, the trial court, after hearing the testimony of the witnesses, found Ridenbaugh to be a sexual predator by clear and convincing evidence. The court stated, in pertinent part:
 This finding is based upon the age of the victims, that there multiple victims involved, the nature of the offender's sexual conduct, the threats of harm or cruelty, and the ongoing nature of the offenses committed.
The trial court analyzed the facts in light of the above-enumerated statutory factors. Appellant was convicted of two sexual offenses involving different victims under the age of thirteen. Each victim was subjected to continuing course of abusive conduct.
We find these facts mitigate in favor of the trial court's decision. Accordingly, we find the trial court's classification of appellant as a sexual predator is supported by competent, credible evidence, and is not against the manifest weight of the evidence.
In the second portion of the third assignment of error, Ridenbaugh argues he was denied discovery pursuant to Crim. R. 16. Sexual predator hearings are civil in nature. Cook, supra.
As a result, the criminal rules do not apply to sexual predator proceedings. Further, as the State pointed out in its brief, the prosecution granted Ridenbaugh a complete review of its file.
Finally, although not separately assigned as error, Ridenbaugh argues the State's expert witness can be given little weight as she was "mere intake worker for Children's Services with only a Bachelor's Degree in social work and therefore she did not qualify as a expert pursuant to Evid. R. 702."
Ridenbaugh and the State presented expert witnesses to give an opinion regarding the potential for recidivism in an attempt to prove the statutory definition of sexual predator. Such an opinion is not required by the statute. Rather, the trial court is to make a determination of the sexual predator status based upon the above-quoted factors.
The testimony of the victims would have been enough to demonstrate Ridenbaugh used a special relationship to systematically victimize two children under the age of thirteen over a period of time. These facts alone mitigate in favor of the trial court's finding Ridenbaugh sexual predator. We find the trial court's classification of Ridenbaugh as sexual predator is supported by some competent credible evidence and is not against the manifest weight of the evidence.
Appellant's third assignment of error is overruled.
The judgment of the Licking County Court of Common Pleas is affirmed in part and reversed in part. The matter is remanded to the trial court for actions consistent with this opinion and with law.
By: Hoffman, J., Gwin, P.J. and Farmer, J. concur
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed in part and reversed and remanded in part. Costs assessed to appellee/cross-appellant.
---------------------------
---------------------------
 --------------------------- JUDGES